CARL MEARES, JOHN DOUGLAS ELLIOTT, LOUISE HAMMONDS AND H.
G. McNEILL, PLAINTIFFS v. A. H. POWELL, B. A. POWELL, AND AL-.
BERT HENRY POWELL, T/DA POWELLS WAREHOUSE, DEFENDANTS.

(Filed 1 December, 1965.)

**Appeal and Error § 50—**

Even though the Supreme Court may review the evidence in injunction
proceedings, the findings of the lower court are presumed correct with the
burden upon appellant to assign and show error, and therefore when there
are no exceptions or assignments of error with references to the findings of
fact, and the facts found support the interlocutory order, the interlocutory
order will be affirmed.

APPEAL by defendants from *Copeland, Special Judge,* then presiding over the August 23, 1965 Session of Brunswick Superior Court, from an order entered August 27, 1965, in Chambers, at Southport, North Carolina, in an action pending in COLUMBUS Superior Court.

Action instituted August 5, 1965 for injunctive relief and damages on account of alleged trespass by defendants upon described land in Fair Bluff, North Carolina, allegedly owned by plaintiffs.

A temporary order issued August 5, 1965 by Judge Mallard restrained defendants, their servants and employees, "from entering and going upon" the subject land and "from preventing plaintiffs from the full and exclusive use and enjoyment" thereof. The hearing before Judge Copeland was to determine whether this temporary order should be continued in effect until the final hearing. The evidence before Judge Copeland consisted of (1) the verified complaint, (2) an affidavit of B. A. Powell, a defendant, (3) photographs, and (4) a map of the land claimed by plaintiffs.

Findings of fact made by Judge Copeland and set forth in his order are summarized as follows: Plaintiffs are the owners and in possession of the land in controversy. Defendants own an interest in adjoining land. Defendants have trespassed upon plaintiffs' land (1) by erecting poles thereon obstructing plaintiffs' access thereto and (2) by forcibly removing therefrom fertilizer pallets belonging to plaintiffs. Defendants' acts of trespass have caused injury and damage to plaintiffs and have deprived them of the full use and enjoyment of their property. Unless defendants are restrained, defendants will commit similar acts of trespass. Public streets of Fair Bluff afford adequate means of access to the tobacco warehouse on defendants' property. Continuance of the restraining order "will preserve the status quo . . . until the said cause is tried on its merits."

Based on said findings of fact, Judge Copeland "ordered, adjudged and decreed that the restraining order entered in this cause on Au-

STATE v. CREECH.

gust 5, 1965, be and the same is hereby continued in full force and effect until the final determination of this action on its merits."

Defendants excepted "to the entering of the foregoing Order" and gave notice of appeal. They "assign as a single Error the signing of the Order continuing the temporary injunction for that the Plaintiff Appellees had failed to make sufficient showing of irreparable injury to invoke the equitable remedy of injunction to retain the status quo."

*Williamson & Walton and David M. & W. Earl Britt for plaintiff appellees.*

*Powell, Lee & Lee for defendant appellants.*

PER CURIAM. While this Court, when considering an appeal from an order granting an interlocutory injunction, is not bound by the lower court's findings of fact, but has the power to weigh the evidence and review such findings, "(t)he Supreme Court nevertheless indulges the presumption that the findings of the hearing judge are correct, and requires the appellant *to assign and show error in them.*" (Our italics.) *Huskins v. Hospital,* 238 N.C. 357, 362, 78 S.E. 2d 116.

Since defendants have no exception or assignment of error with reference thereto, Judge Copeland's findings of fact are presumed and deemed correct; and the facts so found are sufficient to support the interlocutory order entered by Judge Copeland in the exercise of his discretion. Hence, the interlocutory order is affirmed.

Affirmed.